Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | THOMAS M. DURKIN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4540 | **DATE** | 7/8/13 |
| **CASE TITLE** | United States ex rel. Alvin Williams (#K-52063) vs. Eddie Jones | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to reinstate his habeas corpus action [#16] is granted. The clerk is directed to: (1) file the amended petition [#17], and (2) substitute Randy Pfister for Eddie Jones as respondent. The respondent is ordered to answer the amended petition or otherwise plead within twenty-one days of the date of this order.

■ **[For further details see text below.]**

## STATEMENT

In 2006, Alvin Williams, an Illinois state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenged, on numerous grounds, his conviction for first degree murder. The court (Andersen, J.) denied the petitioner's request for equitable tolling and summarily dismissed the habeas petition on preliminary review as untimely. *See* Minute Order of December 11, 2006. Although the court dismissed the petition as time-barred, the dismissal order at the same time granted the petitioner's motion for voluntary withdrawal of his "mixed" petition containing both exhausted and non-exhausted claims.

The petitioner now seeks reinstatement, reporting that he has exhausted state court remedies as to all claims raised in his original habeas petition. His motion is granted. The arguably ambiguous dismissal order may have left the petitioner with the impression that his petition had been dismissed without prejudice. For that reason, perhaps, the petitioner did not appeal the final judgment. In view of the equivocal ruling, as well as the petitioner's assertion that he is entitled to equitable tolling, he will be granted leave to proceed on his claims. Untimeliness is an affirmative defense that may be waived if not raised by the respondent. *See, e.g., Allen v. Siebert*, 552 U.S. 3, 6-7 (2007) (citations omitted); *Grigsby v. Cotton*, 456 F.3d 727, 731 (7th Cir. 2006).

The respondent is ordered to answer the amended petition or otherwise plead within twenty-one days of the date of this order. This preliminary order to respond does not, of course, preclude the State from making whatever arguments it may wish to present concerning waiver, exhaustion, procedural default, or any other potential defense.

**(CONTINUED)**

mjm

## STATEMENT

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed.** In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.