UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.
ALVIN WILLIAMS, K52063,

    Petitioner,

v.

RANDY PFISTER, Warden, Pontiac
Correctional Center,

    Respondent.

No. 06 C 4540

Judge Thomas M. Durkin

**AMENDED MEMORANDUM OPINION AND ORDER**

Alvin Williams is serving a prison sentence of 45 years to life for first degree murder at the Pontiac Correctional Center in Pontiac, Illinois, where he is in the custody of Warden Randy Pfister. Williams seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. R. 9; R. 16. The Warden has moved to dismiss the petition for lack of subject matter jurisdiction under 28 U.S.C. § 2244(b), or in the alternative, because it is untimely under 28 U.S.C. § 2244(d). R. 28. For the following reasons, the Warden's motion is granted and Williams's petition is dismissed. Additionally, the Court's Opinion and Order dated September 8, 2014, R. 34, is amended to reflect that the Court declines to issue a certificate of appealability.

**Background**

Williams was convicted following a bench trial in Cook County on June 6, 2000, and sentenced on July 6, 2000. *See* R. 29-1 at 74; R. 29-4 at 7. On direct appeal, Williams's conviction was affirmed by the Illinois Appellate Court, First

District. R. 29-1 at 1-71. The Illinois Supreme Court denied his petition for leave to appeal on June 4, 2003. *See People v. Williams*, 792 N.E.2d 313 (Ill. June 4, 2003). On January 2, 2003, while his direct appeal was pending, Williams filed a postconviction petition with the Circuit Court of Cook County. R. 29-8 at 38. The court denied the petition, the Appellate Court affirmed the denial, R. 29-3 at 1-3, and the Supreme Court denied Williams's petition for leave to appeal on May 25, 2005. *See People v. Williams*, 833 N.E.2d 8 (table) (Ill. May 25, 2005).

On June 15, 2005, Williams filed a "Motion for Discovery, Production of Documents/Photos, etc." in the Cook County Circuit Court, R. 29-10 at 5, which was denied. The Appellate Court dismissed Williams's appeal of that denial for lack of jurisdiction on June 5, 2006. R. 29-3 at 28.

According to Williams, on February 8, 2006, he received additional evidence relevant to his case that his attorney had failed to disclose to him. R. 16 at 2, 4-5. Relying on this evidence, Williams filed an application for leave to file a successive postconviction petition on May 25, 2006—more than three months after he allegedly received the evidence. R. 29-12 at 9.

While his postconviction petition was pending, Williams filed a petition for a writ of habeas corpus in this Court on August 22, 2006. R. 1. Williams's petition did not include his allegation that he received additional evidence on February 8, 2006. Prior to the Illinois Attorney General entering an appearance on behalf of the Warden, the Court ordered Williams on October 23, 2006 to show cause why the petition should not be dismissed as untimely, since he filed it more than one year

after May 25, 2005, when the Illinois Supreme Court denied his petition for leave to appeal. R. 11. Williams responded with a "Motion to Withdraw Petition or allow for Equitable Tolling." R. 12. The Court dismissed Williams's petition stating:

> [T]he court finds that the petitioner has not provided a basis for equitable tolling. The court therefore finds that the petition for a writ of habeas corpus must be dismissed as time-barred. . . . The petitioner's motion to withdraw his federal habeas petition is granted.
> For the foregoing reasons, the court summarily dismisses the petition for a writ of habeas corpus on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

R. 14 at 2. The Court entered judgment against Williams. R. 15. Williams did not appeal that judgment.

While Williams's habeas petition was pending, the Cook County Circuit Court denied his petition for leave to file a postconviction petition on September 1, 2006. R. 29-18 at 3, 7. The Appellate Court affirmed the Circuit Court's decision on August 24, 2009. *See People v. Williams*, 914 N.E.2d 641 (Ill. 2009). The Supreme Court denied Williams's petition for leave to appeal on January 27, 2010. *See People v. Williams*, 924 N.E.2d 460 (table) (Ill. Jan. 27, 2010).

Almost six months later, on July 20, 2010, Williams filed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401 in the Cook County Circuit Court. R. 29-18 at 14-15. Again, the court denied the petition, the Appellate Court affirmed, R. 29-3 at 63-64, and the Supreme Court denied Williams's petition for leave to appeal on May 30, 2012. R. 29-3 at 65.

3

One year after that, on May 30, 2013, Williams filed a motion in this Court requesting that the Court reinstate his habeas petition because his "previously unexhausted claims" are now "fully exhausted." R. 16 at 2. Williams contends that this Court "allowed [him] to voluntarily withdraw his petition, as it was a mixed petition with several of the claims pending in state court." *Id.* Williams argues that he is entitled to equitable tolling due the "extraordinary circumstances beyond [his] control . . . that all of the documentary evidence needed to support his claims could not have been obtained prior to February 8, 2006, through the exercise of due diligence, because his trial/appellate attorney intentionally withheld the documents from him." *Id.* The Court granted Williams's motion to reinstate and ordered the Warden to respond. R. 27.

## Analysis

The Warden argues that Williams's petition is "an unauthorized successive petition" because (1) the Court has already dismissed his petition as untimely, and (2) Williams "voluntarily dismissed his prior petition 'in the face of an imminent loss.'" R. 28 at 11. The Court, however, has already granted Williams's motion to reinstate his petition because the "arguably ambiguous dismissal order [R. 14] may have left the petitioner with the impression that his petition had been dismissed without prejudice. For that reason, perhaps, the petitioner did not appeal the final judgment. In view of the equivocal ruling, as well as the petitioner's assertion that he is entitled to equitable tolling, he will be granted leave to proceed on his claims."

R. 19 at 1. Thus, the Court will not dismiss Williams's petition for lack of subject matter jurisdiction.

Nevertheless, Williams has again waited too long to pursue habeas corpus relief. Williams argues that he is entitled to equitable tolling because he filed a petition for leave to file a postconviction petition in state court. The problem with Williams's argument is that merely filing a petition for leave to file a postconviction petition does not toll the statute of limitations. Rather, only a "properly filed" postconviction petition has that effect. 28 U.S.C. § 2244(d)(2). And a petition for leave to file a postconviction petition is not a properly filed petition, but merely a request to file properly. *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) ("[W]e have clearly held that where state law requires pre-filing authorization—such as an application for permission to file a successive petition—simply taking steps to fulfill this requirement does not toll the statute of limitations. Instead the second petition tolls the limitations period only if the state court grants permission to file it.") (internal citation omitted). Since Williams's petition for leave was denied, he never properly filed a petition, and the statute of limitations was never tolled.

Williams contends that he is entitled to equitable tolling because "he could not have presented the issue he discovered to this court until he first presented them to state courts." R. 32 at 8 (¶ 24). Williams argues that equitable tolling is appropriate in this circumstance, otherwise "no Illinois prisoner who discovers the factual predicate for his claims after his initial post conviction [sic] petition would ever be entitled to habeas review if the Illinois courts find the claims do not

5

constitute 'newly discovered' evidence." R. 32 at 7 (¶ 20). But as the Warden points out, "a prisoner seeking state postconviction relief might avoid [the] predicament" Williams describes "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).[1] Thus, the proceedings in state court addressing Williams's petition for leave to file a postconviction petition are not a basis to equitably toll the statute of limitations.

In any event, even if Williams's interpretation of equitable tolling had any merit (which as the Court has explained, it does not), Williams's petition is untimely under 28 U.S.C. § 2244(d)(1)(D) and its one-year statute of limitations because more than a year of untolled time has elapsed. Williams alleges that he discovered additional evidence on February 8, 2006. He then waited 106 days until May 25, 2006, to file a petition for leave to file in the Cook County Circuit Court. The Appellate Court affirmed the Circuit Court's denial of Williams's petition on January 27, 2010, and Williams waited another 174 days until July 20, 2010, to file a petition for leave to appeal with the Supreme Court. The Supreme Court denied his petition for leave on May 30, 2012, and Williams waited a year to move to reinstate his petition in this Court on May 30, 2013. Adding all of this time together, one year and 280 days of untolled time has elapsed since Williams alleges

---

[1] Of course, Williams did file a habeas petition during the pendency of his petition for postconviction relief in state court. But Williams failed to secure a stay or inform the Court that his postconviction petition raised the issue of newly discovered evidence, which might have provided a basis to secure a stay. Instead, Williams moved to voluntarily dismiss his petition. This strategy did not serve to toll the statute of limitations.

he discovered new evidence on February 8, 2006. Thus, even accepting the logic underlying his argument that equitable tolling should apply to his case, Williams's motion is untimely.

Lastly, the Court declines to issue a certificate of appealability. Where, as here, a petition is disposed of based on a procedural bar, without reaching the merits of the underlying constitutional claims, a certificate of appealability should issue only if reasonable jurists would find the adjudication of the antecedent procedural ruling "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, because the untimeliness of Petitioner's claims is not debatable, a certificate of appealability is denied. *See Slack*, 529 U.S. at 584 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

**Conclusion**

For the foregoing reasons, the Warden's motion to dismiss, R. 28, is granted, Williams's petition is dismissed, and the Court declines to issue a certificate of appealability.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: September 9, 2014